IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Cynthia Lewis, | ) |
| | ) |
| | ) Civil Action No.: 1:19-cv-03457-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Andrew M. Saul, Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 14.) The Report addresses Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*Id.* at 1.) The Report recommends that the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 44-45.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 2-29.) As brief background, in December 2018, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claims for DIB and SSI. (ECF No. 9-4 at 21.) The ALJ determined Plaintiff had the severe impairments of "obesity, degenerative joint

1

disease, anxiety, depression, and somatoform disorder[.]" (*Id.* at 23.) Yet the ALJ found Plaintiff had the RFC "to perform sedentary work . . . except that she is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling; she can concentrate sufficiently in two hour increments to perform simple, repetitive tasks; and she can have occasional contact with the general public." (*Id.* at 25.)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (ECF No. 9-2 at 2-5.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action in December 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded. In particular, the Magistrate Judge observed the ALJ relied heavily on the opinions of the state agency consultant and psychological consultant to limit Plaintiff to simple, repetitive tasks. (ECF No. 14 at 33-37.) But while these experts also found Plaintiff could "understand, retain, and follow simple instructions," the Magistrate Judge observed "[t]he ALJ included no provision in the RFC assessment as to the type of instructions Plaintiff could understand and remember[.]" (*Id.* at 36-37.) The Magistrate Judge further explained this omission was not harmless because, assuming the ALJ meant to limit Plaintiff to simple instructions, the ALJ nonetheless "rel[ied] on jobs that an individual limited to short and simple instructions might not be able to perform." (*Id.* at 37.) Thus, the Magistrate Judge continued, "if the ALJ accepted [the two expert] . . . opinion[s] that Plaintiff was limited to short and simple instructions, he would have been required to resolve

2

the apparent conflict between the DOT and the VE's identification of jobs with GED reasoning levels of two and three in order to support the Commissioner's burden at step five." (*Id.* at 39.) And although the Magistrate Judge agreed with the Commissioner that the ALJ was not required to adopt every finding of the experts to whom he afforded considerable weight, the Magistrate Judge stressed that "[a] review of the ALJ's decision as a whole reflects *no* consideration as to the type of instructions that Plaintiff required." (*Id.* at 39-40 (emphasis added).) At bottom, the Magistrate Judge concluded remand was necessary because "[i]f [the ALJ] intended to restrict Plaintiff to short and simple instructions, his step five finding is not supported by substantial evidence. If he did not intend to limit Plaintiff to short and simple instructions, he has not resolved the evidence that is contrary to such a conclusion and explained his reasoning in accordance with the pertinent regulations[.]" (*Id.* at 40-41.)

Lastly, the Magistrate Judge turned to examine whether the ALJ properly afforded "little weight" to Mark Coe, Ph.D. (*Id.* at 41-42.) The Magistrate Judge ultimately found substantial evidence supported this decision, as the ALJ sufficiently explained that "Dr. Coe's evaluation was conducted during a brief period of exacerbation of [Plaintiff's] mental symptoms," particularly when compared to the generally routine medical visits and "normal mental status examinations" presented throughout Plaintiff's medical records. (*Id.* at 43-44.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 46.) In October 2020, the Commissioner informed the court he would not offer objections. (ECF No. 15.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

3

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 14 at 33-45.) The Commissioner notified the court he will not file objections (ECF No. 15) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the

Magistrate Judge's Report and Recommendation (ECF No. 14) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

    **IT IS SO ORDERED.**

                                                                                                                    United States District Judge

May 17, 2021
Columbia, South Carolina